**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RITA BARRICKS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BARNES-JEWISH HOSPITAL, doing business as THE SITEMAN CANCER CENTER AT BARNES JEWISH HOSPITAL, | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE WASHINGTON UNIVERSITY, doing business as WASHINGTON UNIVERSITY IN ST. LOUIS, SCHOOL OF MEDICINE, also doing business as THE SITEMAN CANCER CENTER AT BARNES JEWISH HOSPITAL | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF ACTION**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that Defendant The Washington University ("Washington University"), by its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, with the consent of Defendant Barnes-Jewish Hospital ("Barnes-Jewish") as set forth in Exhibit A hereto, and respectfully states:

**The State Court Action**

1.      On or about June 29, 2011, Rita Barricks ("Plaintiff"), individually and purportedly on behalf of similarly-situated others, filed a class-action complaint against Defendants in the Circuit Court of the City of St. Louis, Missouri, bearing case number 1122-CC08701 (the "State Court Action").  Washington University was served with a copy of the complaint in the State Court Action on July 15, 2011.  Defendant Barnes-Jewish was served with a copy of the complaint in the State Court Action on July 19, 2011.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served in the State Court Action, which include the Summons and Complaint, are attached hereto as Exhibit B.

3.      In the State Court Action, Plaintiff asserts claims of negligence, breach of implied contract, restitution/unjust enrichment, violation of the Missouri Merchandising Practices Act, negligence per se, breach of fiduciary duty, and invasion of privacy against Defendants based on Defendants' alleged "failure to adequately protect the confidential personal and medical information of its current and former customers - conduct that ultimately resulted in a medical data breach." (Petition ¶ 1).  The State Court Action seeks, among other things, damages, punitive damages, attorneys' fees, restitution, equitable and injunctive relief, and pre and post-judgment interest.  (*Id.* Request for Relief).

4.      Further, Plaintiff seeks an order certifying a class of similarly-situated individuals who had information stored on the laptop stolen during the weekend of December 4, 2010.  (*Id.* ¶ 58).

**Statutory Grounds for Removal**

5.     The removal of this case is based upon 28 U.S.C. §§ 1441(a) and 1453. Section 1441(a) authorizes the removal of any civil action filed in state court provided that the United States District Court has original jurisdiction for such action. Section 1453(b) authorizes the removal of "class actions," as defined in 28 U.S.C. § 1332(d)(1), to federal district court. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provide that district courts shall have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the proposed class includes at least 100 members, and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

6.     "A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.,* 557 F.3d 953, 957 (8th Cir. 2009) (citations omitted).

**More than 100 Alleged Class Members**

7.     In the petition in the State Court Action, Plaintiff purports to represent a class of "[a]ll Missouri residents who are current or former patients of Siteman and whose Sensitive Information was stored on the unencrypted laptop stolen during the weekend of December 4, 2010." (Petition ¶ 58). As detailed in the affidavit of Marsha Cannon attached hereto as Exhibit C, more than 300 of the patients who had information stored on the device that was stolen during the weekend of December 4, 2010, were identified as having Missouri addresses. Thus, Plaintiff's purported class consists of more than 100 persons.

**Diversity Citizenship of the Parties**

8.      Plaintiff is alleged to be a resident of the state of Missouri.  (Petition ¶ 4).

9.      Plaintiff has defined the Class to include "[a]ll Missouri residents who are current or former patients of Siteman and whose Sensitive Information was stored on the unencrypted laptop stolen during the weekend of December 4, 2010."  (Petition ¶ 58).

10.      Defendant Washington University is a Missouri corporation with its principal place of business in Missouri.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Washington University is a citizen of Missouri for purposes of determining diversity.

11.      Defendant Barnes-Jewish is a Missouri corporation with its principal place of business in Missouri.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Barnes-Jewish is a citizen of Missouri for purposes of determining diversity.

12.      Minimal diversity exists in this case because, although Plaintiff has defined her class as including only Missouri "residents," there is a reasonable probability that at least one member of the class is a citizen of a state other than Missouri.

13.      For the purpose of ascertaining diversity jurisdiction under CAFA, citizenship is determined by an individual's "domicile," which is the place where an individual has his "true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007).  The term "citizen" is not interchangeable with the term "resident" for purpose of diversity, and limiting a class definition to the "residents" of a particular state does not preclude removal under CAFA.  *Id.*

4

14. Federal courts consistently have rejected the proposition that mere residence establishes a party's citizenship for the purpose of diversity. *See Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992) ("We add that citizenship or domicile, not residence, is the basis of subject matter jurisdiction."); *Lundquist v. Precision Valley Aviation, Inc*., 946 F.2d 8, 10 (1st Cir. 1991) ("[Plaintiff] correctly notes that the relevant standard is 'citizenship,' i.e., 'domicile,' not mere residence . . . ."); *ConnectU LLC v. Zuckerberg*, 482 F. Supp. 2d 3, 9 & n.5 (D. Mass. 2007) (Woodlock, J.) (stating that an allegation that "[u]pon information and belief, Defendant Mark Zuckerberg is an individual with a place of residence in the State of New York" was "an insufficient allegation for jurisdictional purposes in any event since the pertinent inquiry is the citizenship or domicile, not the residency, of a party."); *see also Preston v. Tenet Healthsystem Mem. Med. Ctr*., 485 F.3d 793 (5th Cir. 2007) (rejecting plaintiffs' contention that residency can serve as proxy for domicile to establish the citizenship of a putative class under CAFA); *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.")(internal citation omitted); *Schwartz v. Comcast Corp*., No. Civ.A. 05-2340, 2006 U.S. Dist. LEXIS 7499 (E.D. Pa. Feb. 28 2006) (rejecting plaintiff's argument that "residence is an effective proxy for domicile").

15. In *McMorris*, the class action complaint defined the proposed class as including "residents of Massachusetts." *Id*. at 160. The defendant removed the case to federal court under CAFA. The plaintiff attempted to get the court to remand the case by arguing that the limitation of the class to "residents of Massachusetts" was sufficient to establish that the class consisted of Massachusetts citizens. *Id*. at 162. In denying the motion to remand, the *McMorris* court stated that residence alone does not establish citizenship. *Id.* at 163. Accordingly, limiting the class to

residents of Massachusetts "does not, by definition, foreclose the inclusion of non-citizens as well." *Id.* The *McMorris* court held that this fact "suffices to support the assertion of federal jurisdiction in this case." *Id.*

16.     As in *McMorris*, Plaintiff's proposed class of all Missouri residents does not, by definition, foreclose a class including of non-citizens of Missouri. As a matter of law, this fact is sufficient for the assertion of minimal diversity and the assertion of federal jurisdiction under CAFA.

17.     Based upon the foregoing, the minimal diversity requirements of 28 U.S.C. § 1332(d)(2) are satisfied.

**More than $5,000,000 in Controversy**

18.     The party seeking removal bears the burden of proving CAFA's requisite $5 million amount in controversy by a preponderance of the evidence. *See Bell,* 557 F.3d at 956. "Under the preponderance standard, the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* at 959 (quoting *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)). Once the proponent of federal jurisdiction proves by a preponderance of the evidence that the amount in controversy is satisfied, "remand is only appropriate if [the plaintiff] can establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Id.* (citations omitted).

19.     Plaintiff's allegations, coupled with the number likely to be included in the class, satisfy the amount in controversy requirement. Specifically, Plaintiff alleges that a "recent report about health-care related identity theft fraud sponsored by Experian indicated that the 'average total cost to resolve an identity theft-related incident . . . came to about $20,000.'" (Petition ¶ 14). Based upon the Plaintiff's request for relief, the average total

cost to resolve an identity theft-related incident alleged by Plaintiff, and the attached affidavit establishing that more than 300 individuals are likely to fall within the definition of the class, the amount in controversy in this case exceeds $5 million.

20.     Indeed, 300 class plaintiffs at an average of $20,000 per plaintiff equals $6,000,000.  This number, which far exceeds the $5 million amount in controversy, does not include the statutory attorneys' fees and punitive damages sought by Plaintiff, which would increase the amount in controversy substantially.  *See Kerr v. Ace Cash Experts, Inc*., No. 10 CV 1645, 2010 U.S. Dist. LEXIS 132203, *5 (E.D. Mo. Dec. 14, 2010) (finding the amount in controversy was met based upon the potential for attorneys' fees and punitive damages, which count toward the jurisdictional minimum).

21.     Based upon the foregoing, this case meets the amount-in-controversy requirement of 28 U.S.C. §§ 1332(d)(2) and (6).

**Class Action**

22.     This case is removable pursuant to 28 U.S.C. §§ 1332(d)(1)(B), and 1453(a) and (b).  For removal to be authorized by those provisions, the case must be brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  Plaintiff asserts that she is bringing this case as a class action under Missouri Civil Rule 52.08.  (Petition ¶ 58).  Missouri Civil Rule 52.08 authorizes actions to be brought by one or more representative persons as a class action.

**Timeliness of Removal**

23.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days from the date that the first defendant was served with a copy of the Petition.

**Written Notice of Removal Given to Plaintiffs and Filed with the State Court**

24.     Pursuant to 28 U.S.C. § 1446(d), after filing this Notice of Removal in this Court, Washington University will promptly give written notice of removal to Plaintiff by sending a Notice to Plaintiff of Filing Notice of Removal to Plaintiff s counsel of record, and Washington University will file a copy of the Notice of Removal with the Clerk of the Court of the Circuit Court of the City of St. Louis, Missouri.  The Notice to Plaintiff of Filing Notice of Removal and State Court file-stamped Notice to Clerk of Removal to Federal Court will be filed with this Court as separate documents.

**No Waiver**

25.     By filing this Notice of Removal, Washington University does not waive any available defenses and does not admit any of Plaintiffs material allegations, including her class action allegations.

WHEREFORE, for the reasons stated above, Defendant The Washington University respectfully removes the action bearing case no. 1122-CC08701 from the Circuit Court of the City of St. Louis, Missouri to this Court.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By_____/s/ Winthrop B. Reed, III_____
      Winthrop B. Reed, III, #42840MO
      Joseph E. Martineau, #32397MO
      R. Bradley Ziegler, #57447MO
      600 Washington Avenue, Suite 2500
      St. Louis, MO  63101
      (314) 444-7600
      (314) 241-6056 facsimile
      wreed@lewisrice.com
      jmartineau@lewisrice.com
      bziegler@lewisrice.com

*Attorneys for Defendant The Washington University*


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via e-mail and first-class mail, postage prepaid, this 12th day of August, 2011 upon:

Neil Smith
The Smith Law Firm, LLC
225 S. Meramec Avenue, Suite 532
Clayton, MO  63105
neil@neilsmithlaw.com
*Attorney for Plaintiff*

Jonathan H. Garside
Erika N. Reynolds
Fox Galvin, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO  63102
jgarside@foxgalvin.com
ereynolds@foxgalvin.com
*Attorneys for Defendant Barnes-Jewish Hospital*


_____/s/ Winthrop B. Reed, III_____