UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RITA BARRICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1386(CEJ) |
| ) | |
| BARNES-JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rita Barricks to remand this action to the Twenty-Second Judicial Circuit Court (City of St. Louis, Missouri), from which it was removed. Also before the Court is plaintiff's motion to conduct jurisdictional discovery. Defendant Washington University opposes the motions and the issues are fully briefed.

Plaintiff, a Missouri resident, was a patient in a medical facility operated by defendants Barnes-Jewish Hospital and Washington University in St. Louis. On December 4, 2010, an unencrypted laptop was stolen from Barnes-Jewish Hospital. The laptop contained plaintiff's personal information, including her Social Security number and health information that the Health Insurance Portability and Accountability Act (HIPAA) required the defendants to protect from disclosure. Plaintiff alleges that the defendants failed to follow basic security procedures to protect this information.

Plaintiff brings this action individually and on behalf of a putative class composed of Missouri patients whose personal and medical information was stored on the stolen laptop. She asserts claims of negligence (Count I), breach of implied contract (Count II), unjust enrichment (Count III), violation of the Missouri Merchandising Practices Act

(Count IV), negligence *per se* (Count V), breach of fiduciary duty (Count VI), and invasion of privacy (Count VII). On August 12, 2011, defendant Washington University removed the matter to this Court, asserting jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff now seeks remand or, alternatively, requests leave to conduct jurisdictional discovery on the issue of citizenship.

## I. Legal Standard

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). In determining whether removal was proper, the district court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

## II. Discussion

In class actions, federal courts have original jurisdiction if (1) there is minimal diversity; (2) the proposed class contains at least one-hundred members, and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). As the party seeking removal, the defendant must establish diversity jurisdiction by a preponderance of evidence. See Sheehan v. Gustafson, 967 F.2d

2

1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990).  Here, the defendant has submitted an affidavit stating that its patient records show that some of the putative class members are Missouri citizens and some of them are not.

Plaintiff argues that, notwithstanding this evidence, remand is proper under the local controversy, home state, and discretionary exceptions.  The local controversy exception provides that a district court shall decline to exercise jurisdiction when (1) greater than two-thirds of the members of the class are citizens of the State where the action is brought; (2) at least one significant defendant is a resident of the State where the action was brought; (3) either the injuries or any related conduct of the defendants occurred in the State where the action was brought; and (4) no other class action was filed during the preceding three-year period alleging similar factual allegations against any of the defendants.  28 U.S.C § 1332(d)(4)(A).  Similarly, the home state exception provides that a district court shall decline jurisdiction over a class action where "two-thirds or more of the members of the all proposed plaintiff classes in aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C § 1332(d)(4)(B).  The discretionary exception allows district courts to remand a case "in the interests of justice and looking at the totality of the circumstances" where more than a third, but less than two-thirds of the class members and the primary defendants  are citizens of the State where the action was originally filed.  28 U.S.C § 1332(d)(3).

Plaintiff, as the party seeking remand, bears the burden of showing that either the home state, local controversy, or discretionary exceptions apply.[1]  See Tonnies v.

---

[1] The Eighth Circuit has not yet analyzed the requirements of the home state exception. However, several district courts within the circuit have followed the analysis of other circuits in requiring the plaintiffs to establish the home state exception. See, Webb v. Riceland Foods, Inc., 2008 WL 4820565 (E.D.Ark.2008); Larsen v. Pioneer Hi-Bred

3

Southerland Imports, Inc., No 4:09-cv-414, 2009 WL 3172565 (E.D. Mo. Sept. 29, 2009).  At present, plaintiff has not shown that a third or two-thirds of the class are citizens of Missouri.  However, she seeks leave to conduct jurisdictional discovery on the issue of class members' citizenship.  Plaintiff claims that discovery would show that two-thirds of the class are Missouri citizens, and therefore, remand would be proper under the home state exception.

It is within the discretion of the court whether or not to allow jurisdictional discovery.  See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 713 (8th Cir. 2003) (applying abuse-of-discretion standard in reviewing denial of jurisdictional discovery).  A refusal to grant discovery may constitute an abuse of discretion if the denial prejudices a litigant.  Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1326 (10th Cir. 2002).  "[P]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  Id., (quoting Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977).

The Court finds that jurisdictional discovery is appropriate in this instance.  It is unclear whether two-thirds of the class are Missouri citizens, and therefore, additional facts are needed to determine if remand is proper under the statutory exceptions in 28 U.S.C. § 1332(d).  As such, the Court will grant plaintiff's request to conduct limited discovery.  See Clover v. Sunset Auto Company, No. 4:09-cv-58 (E.D.Mo. May 27, 2009)(granting plaintiff's request for jurisdictional discovery because plaintiff did not provide the Court with sufficient information to determine whether the requirements of the home state exception have been met).  Discovery will be limited

---

International, Inc., 2007 WL 3341698 (S.D.Iowa 2007); Summerhill v. Terminex, Inc., 2008 WL 4809448 (E.D.Ark.2008).

in scope to facts relevant to the jurisdictional issue. The parties shall confer and submit a joint proposed jurisdictional discovery plan, setting forth the type of discovery to be conducted and a deadline for completion. After discovery is concluded, the parties will be given the opportunity to supplement their memoranda on the motion for remand. The Court will then address all of the arguments in support of and in opposition to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for discovery [#18] is **granted**.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a joint proposed jurisdictional discovery plan consistent with this Order no later than **April 30, 2012**.

*[signature]*

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2012.