UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RITA BARRICKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1386(CEJ) |
| ) | |
| BARNES-JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-Second Judicial Circuit Court (City of St. Louis, Missouri), from which it was removed. Defendants oppose the motion.

Plaintiff Rita Barricks, a Missouri resident, was a patient in a medical facility operated by defendants Barnes-Jewish Hospital and Washington University in St. Louis. On December 4, 2010, an unencrypted laptop was stolen from Barnes-Jewish Hospital. The laptop contained plaintiff's personal information, including her Social Security number and health information that the Health Insurance Portability and Accountability Act (HIPAA) required the defendants to protect from disclosure. Plaintiff alleges that the defendants failed to follow basic security procedures to protect this information.

Plaintiff brings this action, individually and on behalf of a putative class composed of Missouri patients whose personal and medical information was stolen from the laptop. She asserts claims of negligence (Count I), breach of implied contract (Count II), unjust enrichment (Count III), violation of the Missouri Merchandising Practices Act (Count IV), negligence *per se* (Count V), breach of fiduciary duty (Count VI), and invasion of privacy (Count VII). On August 12, 2011, defendant Washington

University removed the action to this Court, asserting jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332(d)(2).  Plaintiff now seeks remand.

## I. Legal Standard

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated.  § 1447(c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).  The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

## II. Discussion

In class actions, federal courts have original jurisdiction if (1) there is minimal diversity; (2) the proposed class contains at least one-hundred members, and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  As the party seeking removal, the defendant must establish diversity jurisdiction by a preponderance of evidence.  See  Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990).

Here, defendant contends that minimal diversity is present.  To support its argument, defendant submit an affidavit stating that its patient records show that some of the putative class members are Missouri citizens and some of them are not. Plaintiff argues that, notwithstanding this evidence, remand is proper under the local controversy and home state exceptions.  The local controversy exception provides that a district court shall decline to exercise jurisdiction when (1) greater than two-thirds of the members of the class are citizens of the State where the action is brought; (2) at least one significant defendant is a resident of the State where the action was brought; (3) either the injuries or any related conduct of the defendants occurred in the State where the action was brought; and (4) no other class action was filed during the preceding three-year period alleging similar factual allegations against any of the defendants.  28 U.S.C § 1332(d)(4)(A).  Similarly, the home state exception provides that a district court shall decline jurisdiction over a class action where "two-thirds or more of the members of the all proposed plaintiff classes in aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C § 1332(d)(4)(B).  Plaintiff, as the party seeking remand, bear the burden of showing that either the home state or the  local controversy exceptions apply.[1]  See Tonnies v. Southerland Imports, Inc., No 4:09-cv-414, 2009 WL 3172565 (E.D. Mo. Sept. 29, 2009).

In support of her motion, plaintiff has submitted the defendants' answers to interrogatories which state that the stolen computer contained information belonging

---

[1] The Eighth Circuit has not yet analyzed the requirements of the home state exception. However, several district courts within the Circuit have followed the analysis of other circuits in requiring the plaintiffs to establish the home state exception. See, Webb v. Riceland Foods, Inc., 2008 WL 4820565 (E.D.Ark.2008); Larsen v. Pioneer Hi-Bred International, Inc., 2007 WL 3341698 (S.D.Iowa 2007); Summerhill v. Terminex, Inc., 2008 WL 4809448 (E.D.Ark.2008).

3

to 472 people of whom 336 have addresses in Missouri. Generally, addresses indicating in-state residency present a rebuttable presumption of in-state citizenship. See Randall v. Evamore, Inc., 2010 WL 1727977 at * 2 (E.D. Mo. April 29, 2010); District of Columbia v. Murphy, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); Ennis v. Smith, 55 U.S. 400, 423 (1853) ("Where a person lives, is taken *prima facie* to be his domicile, until other facts establish the contrary."). Therefore, plaintiff's evidence that at least 71% of potential class members have last known addresses in Missouri creates a presumption that those individuals are Missouri citizens.

The defendant has not attempted to demonstrate that even one of the presumed Missouri citizens is not in fact a resident of the state; instead, it argues only that plaintiff has failed to meet her burden because residency is not equivalent to citizenship. That may be true, but federal courts often consider a class member's last-known residence in ascertaining citizenship. See Clover v. Sunset Auto Co., 2009 WL 2757050, at *3 (E.D. Mo.2009) (same); Redd v. Suntrup Hyundai, Inc., 2009 WL 2568054, at *3-*4 (E.D. Mo.2009) (same); see also State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile."). For these reasons, the Court concludes that plaintiff has satisfied the home state and local controversy exceptions requirement that two-thirds of the proposed class are citizens of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#15] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for an extension to respond to plaintiff's memorandum [#29] is **denied**.

**IT IS FURTHER ORDERED** that this action is remanded to the Twenty-Second Judicial Circuit Court (City of St. Louis, Missouri), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2012.